UNITED STATES of America,
Appellee,

v.

Harold LEITNER, Appellant.

No. 192, Docket 27531.

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1963.

Decided Jan. 21, 1963.

Nicholas Atlas, New York City (Emanuel R. Gold, New York City, on the brief), for appellant.

Daniel P. Hollman, Asst. U. S. Atty., S.D.N.Y., New York City (Robert M. Morgenthau, U. S. Atty., and Sheldon·H. Elsen, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, KAUFMAN, and HAYS, Circuit Judges.

PER CURIAM.

The question on this appeal is as to the sufficiency of the evidence to support the jury's verdict convicting the defendant of passing and possessing counterfeit money in violation of 18 U.S.C. § 472. The two counts upon which he was convicted concerned his having and passing a counterfeit $100 Federal Reserve Note while working as a singing waiter and entertainer at a Catskill resort. Here the evidence of possession and passing was clear, and the only question was as to his knowledge and intent. On this, in addition to whatever inference might properly be drawn from the other transactions discussed below, there was evidence that he made and kept a note as to the number of the bill and made strenuous attempts to rebuy (even advancing the money without getting it back). From this the jury might naturally infer an undue knowledge and suspicion as to this money, as Judge Bryan points out in his reasoned opinion, D.C. S.D.N.Y., 202 F.Supp. 688, denying defendant's post-verdict motions. We adopt the judge's analysis of the evidence and hold it fully adequate to support the conviction.[1]

1. Judge Bryan also discussed at some length the question whether the Second Circuit's definition of burden of proof and the drawing of inferences in criminal

■ The defendant also complains because the court did not strike the testimony concerning two other transactions. The closest of these in point of time and upon which two other counts of the indictment were based involved the passing and possession of a counterfeit $100 note at the coffee shop of the Roger Smith Hotel in New York City four days later. Here the cashier identified the defendant as the passer, but on cross-examination said he was not sure; the jury gave the defendant the benefit of the doubt and acquitted him with respect to these counts. The other incident occurred some three and a half months earlier at the Greystone Hotel in New York City. Here the desk clerk positively identified the defendant as the passer of counterfeit money which she had received. Defendant was not indicted as to this transaction, but evidence as to it was admissible to show intent. United States v. Forzano, 2 Cir., 190 F.2d 687; United States v. Corry, 2 Cir., 183 F.2d 155, 157. A doctor, testifying for the defense, however, placed the defendant in his office near the time of the occurrence; and a handwriting expert, called by the court, gave his opinion as a result of examining signatures, that the defendant had not written the (false) name appearing on the hotel registration card. The judge refused to strike the testimony, but in his charge told the jury that the evidence tended "strongly" to support the view that the hotel clerk was mistaken and that defendant could not have been the man who passed this counterfeit money. And this view had been stated in substance by the prosecutor in summation.

■ Since the evidence did present an issue of credibility and belief as to each of these incidents, the trial judge properly refused to strike it from the case. As to the Roger Smith incident the jury would appear to have exercised careful discrimination; while as to the Greystone incident, the judge's forceful statement was doubtless in actuality more effective

than a symbolic striking of the testimony would have been. Since the testimony was properly in evidence for all purposes, we cannot hold, and indeed there is nothing to suggest, that the jury drew improper inferences from it as to the Catskill incident, upon which conviction was had. We find no error.

Conviction affirmed.

cases differed from that of other circuits, a largely semantic dispute apparently intriguing to sciolists. But we need not

venture forth here, since, as the judge held, the evidence was in any event adequate.