**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Curtis JAMES, Defendant-Appellant.**

No. 26944.

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1969.

L. Z. Dozier, Macon, Ga., court appointed, for appellant.

D. L. Rampey, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

Curtis James was convicted after jury trial under each count of a five-count indictment charging violation of Title 18, U.S.C., Section 472. Counts 1, 3 and 4 were passing, or uttering counts, each involving a single counterfeit twenty dollar bill passed at Macon places of business on successive days, June 21 and June 22, 1968. Counts 2 and 5 were charges of knowing possession of the same counterfeit bills on the same dates. Count 2 corresponded to Count 1, while Count 5 corresponded to Counts 3 and 4. Concurrent confinement sentences of one year and one day were imposed for each violation.

We find no merit in any of James' several contentions that prejudicial error was committed during his trial. The first claimed error was the failure of the trial court to sever the several counts and order separate trials as to them. The trial court did not abuse

its discretion in this regard. F.R.Crim. P. Rules 8(a) and 14; Peterson v. United States, 5 Cir. 1965, 344 F.2d 419; Smith v. United States, 5 Cir. 1966, 357 F.2d 486.

We reject James' contention that the indictment counterfeit bills were not properly identified and properly admitted in evidence. United States v. Leitner, 202 F.Supp. 688, S.D.N.Y.1962, aff'd 2 Cir. 1963, 312 F.2d 107; United States v. Valenti, 2 Cir. 1943, 134 F.2d 362.

■■ We further conclude, contrary to James' contention, that the trial court properly received his in-custody statement in evidence. Likewise his motion for judgment of acquittal was properly denied. The evidence was amply sufficient to go to the jury.

■ His remaining contention is that the trial court failed to give of its own motion, a cautionary instruction, after striking certain testimony. The matter was simply not brought to the trial judge's attention by motion. We will not hold him in error under these circumstances. Rule 52, F.R.Crim.P.; Smyly v. United States, 5 Cir. 1961, 287 F.2d 760.

The judgment appealed from is Affirmed.