**Robert NEADERLAND, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 435, Docket 34056.**

United States Court of Appeals, Second Circuit.

Argued Feb. 26, 1970.

Decided April 10, 1970.

---

Carl F. Bauersfeld, Washington, D. C. (Robert Ash, and Ash, Bauersfeld, Burton & Mooers, Washington, D. C., on the brief), for appellant.

John M. Brant, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, and Joseph M. Howard, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and DOOLING, District Judge.*

ANDERSON, Circuit Judge:

Taxpayer Robert Neaderland was employed by Douglas L. Elliman & Co., Inc., of which he was a vice president and director, during 1954 and 1955 as a New York City real estate broker-salesman. He earned commissions of $58,-573.31 and $96,307.23 from his employer for these two years and claimed business expense deductions of $31,000 and $38,-000, respectively, in his 1954 and 1955 federal personal income tax returns. These deductions were based largely on undocumented costs allegedly incurred in entertaining customers.

The Internal Revenue Service initiated an investigation of these returns in 1957 which resulted in Neaderland's indictment in 1961 on charges of willfully attempting to evade payment of income tax by filing false and fraudulent returns, in violation of 26 U.S.C. § 7201.

* Of the Eastern District of New York, sitting by designation.

His jury trial began March 10, 1965, and at the close of the Government's case on March 15th, the taxpayer's motion for a judgment of acquittal was granted.

In 1962 Neaderland filed "amended" returns for 1954 and 1955 in which he reduced his claimed business expense deductions to $12,176.33 and $17,909.13,[1] respectively, and paid approximately $27,500 in additional taxes. The Commissioner, however, in August of 1966 determined that only $2,000 was allowable to the taxpayer as a business expense deduction in each of those two years and computed and fixed deficiencies and penalty additions to Neaderland's tax of almost $48,000 [2] under 26 U.S.C. § 6653(b), because of fraud in the initial 1954 and 1955 returns. On appeal, the Tax Court found that the taxpayer had not carried his burden of proving deductions larger than the $2,000 allowed. It also found, largely from the confusion and evasiveness of Neaderland's own testimony, that at least a part of the underpayment in 1954 and 1955 was due to fraud with intent to evade the tax, so that the statute of limitations was no bar to collection of these deficiencies.

▮▮ The Tax Court further found no merit in Neaderland's argument that his prior acquittal in the 1965 criminal case barred a finding of fraud in the subsequent civil proceeding through the doctrine of collateral estoppel. This is the only issue before us on the present appeal. We affirm.

A taxpayer's prior acquittal of attempted tax evasion through fraud does not bar the Commissioner from proving his fraud civilly, whether the criminal acquittal was upon a jury verdict, Helvering v. Mitchell, 303 U.S. 391, 397–398, 58 S.Ct. 630, 82 L.Ed. 917 (1938), or upon a motion for judgment of acquittal pursuant to F.R.Cr.P. 29, United States v. Real Estate Boards, 339 U.S. 485, 492–494, 70 S.Ct. 711, 94 L.Ed. 1007 (1950). This rule, which declines to apply the doctrine of collateral estoppel is based on a recognition of certain fundamental dissimilarities in the principles which govern the litigation of these virtually identical fraud issues in criminal and civil trials.

▮▮ When a civil trial follows criminal proceedings which were based on the same facts, a different cause of action is involved and the doctrine of collateral estoppel rather than that of *res judicata* must be considered. 1B J. Moore, Federal Practice ¶ 0.418[1], p. 2701 (2d ed.). In Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L.Ed. 195 (1877), Mr. Justice Field elaborated this doctrine as follows:

> "the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

---

1. It has been stipulated that the deductions originally claimed were excessive by at least $18,823.67 and $20,090.87, the amounts by which they exceeded the deductions claimed in 1962.

2. The deficiencies and additions determined were as follows:

| Year | Deficiency | Addition to tax |
|------|-----------|-----------------|
| 1954 | $ 7,521.24 | $ 9,660.01 |
| 1955 | 14,611.56 | 15,181.76 |

The fifty percent penalty addition for fraud was computed on the original tax liability as determined by the Commissioner for each individual year, including a reduction in the original liability for the years after the filing of the amended return in 1962.

In other words,

> "the judgment in the first suit operates as a collateral estoppel as to, but only as to, those matters or points which were in issue or controverted and upon the determination of which the initial judgment necessarily depended." 1B J. Moore, *supra*, ¶ 0.-441[2], p. 3777.

This doctrine has been developed by the judiciary as a "reasonable measure calculated to save individuals and courts from the waste and burden of relitigating old issues." Tillman v. National City Bank of N. Y., 118 F.2d 631, 634 (2 Cir.), cert. denied 314 U.S. 650, 62 S.Ct. 96, 86 L.Ed. 521 (1941).

■ Collateral estoppel is confined, however, to "situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 599–600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948). Even if the issue is identical and the facts remain constant, the adjudication in the first case does not estop the parties in the second, unless the matter raised in the second case involves substantially "the same bundle of legal principles that contributed to the rendering of the first judgment." *Id.* at 602, 68 S.Ct. at 721. Cf. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The Court, therefore, held in *Sunnen* that a change in the applicable law between the first suit and the second prevented the operation of collateral estoppel.

■ Usually the doctrine has its application in situations involving two civil causes of action, but a criminal judgment which is final may have collateral estoppel effect in a subsequent civil suit involving an identical issue. See, e.g., Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568–569, 71 S.Ct. 408, 95 L.Ed. 534 (1951); 1B J. Moore, *supra*, ¶ 0.418[1]. For example, courts have held that a taxpayer, who is convicted of a willful attempt to defeat or evade a particular tax, is estopped in a subsequent civil proceeding from contesting the issue of deficiency of payment due to fraud. See Moore v. United States, 360 F.2d 353 (4 Cir. 1965), cert. denied 385 U.S. 1001, 87 S.Ct. 704, 17 L.Ed.2d 541 (1967); Amos v. Commissioner of Internal Revenue, 360 F.2d 358 (4 Cir. 1965); Tomlinson v. Lefkowitz, 334 F.2d 262 (5 Cir. 1964), cert. denied 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965); Armstrong v. United States, 354 F.2d 274, 173 Ct.Cl. 944, (1965); Vestal & Coughenour, Preclusion/Res Judicata Variables: Criminal Prosecutions, 19 Vand.L.Rev. 683, 706 (1966); cf. United States v. Carlino, 400 F.2d 56 (2 Cir. 1968). But it is well established that the converse of this proposition is not true. When a jury acquits, it decides only that an accused is not proven guilty of the offense charged beyond a reasonable doubt, and the Commissioner is not foreclosed thereby from attempting to show fraud in the civil counterpart against the same defendant by a fair preponderance of the evidence. Helvering v. Mitchell, *supra*, 303 U.S. at 397–398, 58 S.Ct. 630. This burden of proof factor alone is sufficient to demonstrate that the "bundle of legal principles" applicable in a civil suit differs significantly from that in a criminal trial.

■ The difference in applicable legal principles is no less apparent if a taxpayer, like Neaderland, is found not guilty of criminal fraud charges by the judge on a motion for acquittal. In most jurisdictions it is likely that the motion was granted because the judge was convinced that no reasonable man could find the defendant guilty beyond a reasonable doubt, see United States v. Real Estate Boards, *supra*, 339 U.S. at 492–494, 70 S.Ct. 711. The rule which the trial judge was required to apply in this Circuit in deciding the motion was that a criminal case must be submitted to the jury unless the prosecution has failed to present "substantial evidence" to support a guilty verdict. United

States v. Consolidated Laundries Corp., 291 F.2d 563 (2 Cir. 1961); United States v. Maybury, 274 F.2d 899 (2 Cir. 1960); United States v. Masiello, 235 F.2d 279 (2 Cir.), *cert. denied* 352 U.S. 882, 77 S.Ct. 100, 1 L.Ed.2d 79 (1956), *sub nom.* Stickel v. United States; United States v. Gonzales-Castro, 228 F.2d 807 (2 Cir.), *cert. denied* 351 U.S. 940, 76 S. Ct. 838, 100 L.Ed. 1477 (1956); United States v. Feinberg, 140 F.2d 592 (2 Cir.), *cert. denied* 322 U.S. 726, 64 S.Ct. 943, 88 L.Ed. 1562 (1944); cf. United States v. Leitner, 312 F.2d 107 (2 Cir. 1963). But see United States v. Melillo, 275 F. Supp. 314 (E.D.N.Y. 1967). See generally 8 J. Moore, *supra*, ¶ 29.06. Even under these circumstances, where a similar standard of burden of proof applies both to criminal and civil cases, the doctrine of collateral estoppel may not apply.

There are other factors besides burden of proof which so alter the comparability of the proof of the elements of the civil case with that of the prior criminal action that it would be illogical and prejudicial to the administration of the law to wrap fact determination in the civil action in the straitjacket of a prior decision in the criminal case. Application of equitable estoppel under these circumstances would operate as an unnecessary encumbrance upon and frustration of customary lawful proceedings in civil actions for the ascertainment of truth. Without justification for doing so, it would, in a civil action, have a preclusive effect upon the Government's presentation of a charge of fraud, on which it has the burden of proof.

These factors principally derive from the many constitutional safeguards which surround an accused in a criminal prosecution and which create wide differences between the "bundle of legal principles" which govern a criminal trial and those which apply to a civil suit. Their effect is most far-reaching in the permissible scope of proof. For example, the Government could not, in the criminal action, call Neaderland to the witness stand and examine him, though

it was not barred from doing so in the subsequent civil case and thereby brought out highly probative evidence on the issue of fraud. Likewise, the Government's search for proof in a criminal case is hedged about by innumerable strictures whereas in civil proceedings there are pre-trial discovery and disclosure. Its effort to correct an error or initial failure of proof in a criminal trial may be barred by the prohibition against double jeopardy. Moreover, it cannot appeal from an acquittal, like that entered in the criminal prosecution which was a prelude to the present case, to challenge the possibly erroneous standard which the trial judge applied in dismissing the case.

For these and other like reasons, the application of collateral estoppel against the Commissioner in this case would exemplify blind reliance upon doctrine in the face of obviously substantial dissimilarities between the legal principles governing the civil suit and those which were applicable in the criminal prosecution which preceded it.

Affirmed.