JULES KLEBANOFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klebanoff v. Commissioner
Docket No. 127-71.
United States Tax Court
T.C. Memo 1973-174; 1973 Tax Ct. Memo LEXIS 113; 32 T.C.M. (CCH) 832; T.C.M. (RIA) 73174; August 7, 1973, Filed Mortimer Todel, for the petitioner. Larry Kars, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined deficiencies in income tax and additions to the tax to *114 be due from 2 the petitioner as follows: Additions to the Tax Docket No.
Year
Deficiency in Income Tax
Sec. 6653(b) [1]
Sec. 6654(a) 127-71
1960
$7,670.96
$4,234.82
127-71
1961
10,098.34
5,540.49
127-71
1962
15,474.88
7,737.44
$426.98
127-71
1963
14,518.66
7,970.01
By amendment to answer duly filed, in the alternative to the addition to the tax for fraud under sec. 6653(b), respondent has pleaded the additions to the tax for delinquency and negligence under sections 6651(a) and 6653(a), respectively, as follows: Additions to the Tax year
Sec. 6651(a)
Sec. 6653(a) 1960
$1,917.74
$ 383.55
1961
2,524.59
504.92
1962
3,868.72
773.74
1963
3,729.67
725.93 3 Petitioner failed to introduce any evidence or testimony with respect to the addition to the tax under section 6654(a) determined to be due for the year 1962. Accordingly, he will be deemed to have conceded the propriety of that adjustment. Accordingly, those issues remaining for decision are as follows: (1) Whether petitioner substantiated *115 claimed deductions for expenses incurred in his business in excess of the amounts previously allowed by respondent in each of the years 1960 to 1963, inclusive. (2) Whether any part of any underpayment of the tax required to be shown on petitioner's returns for the years 1960 to 1963, inclusive, was due to fraud within the meaning of section 6653(b). (3) In the alternative to the addition to the tax for fraud, whether petitioner is liable for the additions to the tax for delinquency and negligence under sections 6651(a) and 6653(a), respectively. 4 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The petitioner, Jules Klebanoff (hereinafter referred to as "petitioner" or "Klebanoff") is an individual whose legal residence at the time the petition herein was filed was in New York, New York. Petitioner filed delinquent Federal income tax returns for the years 1960 to 1963, inclusive, with the district director of internal revenue, Manhattan, New York, on October 10, 1967. Petitioner is a broadly educated individual who was well aware of his obligation to file *116 Federal income tax returns. [2] He spent one year in the business school of the University of Illinois; attended the University of Pennsylvania, followed by a tour of duty with the 5 U.S. Army; attended Associated College where he accumulated enough credits to be accepted at Brooklyn Law School where he remained for two years; and thereafter attended the Graduate School of Writing in Mexico for two years. During each of the years in question, Klebanoff operated a moving and storage business as a sole proprietorship doing business as Budget Movers. Petitioner maintained no office other than his apartment for the conduct of his business. No books or records of his business income or expenses were maintained by petitioner. In addition to his moving business, during the year 1962 Klebanoff was the superintendent of an apartment building in New York City. On April 12, 1967, an information was filed with *117 the United States District Court, Southern Judicial District of New York charging petitioner with four counts of willfully failing to file income tax returns for the years 1960 to 1963, inclusive. On July 25, 1967, petitioner pleaded guilty to two counts of the four-count information, pertaining to the years 1962 and 1963. 6 On Schedule C of each of the delinquent returns filed for the years 1960 to 1963, inclusive, petitioner states on the line provided for gross receipts, "As indicated per Federal indictment." The same amounts specified as his gross income in the aforementioned information for each of the respective years was reported as gross receipts on such schedules. The gross income figures contained in the information were reconstructed by the respondent on the basis of checks deposited to petitioner's bank account maintained under the name "Budget Movers" at the Manufacturers Hanover Bank. Such amounts included no receipts of cash not deposited to petitioner's checking account. Petitioner admitted that he had cash business receipts that were not deposited to said account and that some checks received were cashed rather than being deposited. Also on each Schedule *118 C, petitioner reported a net profit of "10% [of gross receipts] estimated by taxpayer," with the explanation that "taxpayer has only fragmentary or no records, therefore net profit is estimated (estimate based on profit % of other individuals in same business)." 7 Petitioner's reported gross receipts, estimated business expenses, and reported net profit for the years in question are as follows: Year
Gross Receipts
Expenses
Net Profit 1960
$50,887.68
$45,798.89
$ 5,088.77
1961
59,620.46
53,658.41
5,962.05
1962
74,648.21
67,183.49
7,464.82
1963
76,285.78
68,657.20
7,628.58
From an examination of petitioner's cancelled checks for the year 1960, the respondent determined that petitioner incurred business expenses in that year aggregating approximately 47 percent of gross receipts. A deduction from gross receipts was accordingly allowed in the amount of $24,081.29 for 1960. In the years 1961, 1962, and 1963, for which no checks or other documentation was available to respondent, similar allowances were made in the amounts of $27,803.73, $34,970.14 and $35,530.26, respectively. Petitioner contests the disallowance of the amounts by *119 which his claimed expenses exceed the deductions permitted by respondent. 8 OPINION
During the years 1960 to 1963, inclusive, petitioner was in the business of household moving and storage. As he testified, his business was operated "out of pocket." No books or records of his gross receipts or expenses were maintained and the only evidence from which such amounts could be reconstructed were the records of his checking account, which were not introduced at the trial.
From this scant record, on the basis of his testimony, petitioner asks this Court to find that his expenses equaled 90 percent of his gross receipts in each of the years in question. We decline.
Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Since the burden of proof is on the petitioner, it is incumbent upon him to first show that such expenses were "paid or incurred" before an inquiry into the 9 amount of the deduction need be made. Rule 32, Tax Court Rules of Practice; Welch v. Helvering, 290 U.S. 111 (1933).
In the present case, based upon an examination of Klebanoff's cancelled *120 checks for the one year they were available, respondent determined that an amount equal to 47 percent of petitioner's gross receipts was allowable as a deduction. A similar percentage was allowed in each of the following years, for which no such documentation is available. Petitioner did not establish that any greater amounts were expended in his business. The determination of the respondent must be sustained. SeeRobert Neaderland, 52 T.C. 532 (1969), affd. 424 F. 2d 639 (C.A. 2, 1970), certiorari denied 400 U.S. 827 (1970).
With respect to the issue of fraud, the burden of proof is upon the respondent to show fraud through clear and convincing evidence. Section 7454(a); Kreps v. Commissioner, 351 F. 2d 1 (C.A. 2, 1965); affirming 42 T.C. 660 (1964). Fraud must usually be gleaned from the conduct 10 of the taxpayer and the circumstances in question. M. Rea Gano, 19 B.T.A. 518 (1930). Willful failure to file required returns is a circumstance to be considered, but without more does not of itself establish the element of fraud. Stoltzfus v. United States, 398 F. 2d 1002 (C.A. 3, 1968); *121 Cirillo v. Commissioner, 314 F. 2d 478 (C.A. 3, 1963). In order to impose the penalty for fraud the circumstances surrounding the failure to file returns must strongly and unequivocally indicate an intention to avoid the payment of taxes. Cirillo v. Commissioner, supra.From an examination of the whole of petitioner's conduct, this Court is convinced that such an intention was present.
Petitioner was a well educated individual who was well aware of his responsibility for the payment of his lawful taxes. Notwithstanding this knowledge, petitioner consistently ignored his obligation to file income tax returns and to keep adequate records of his business. In addition, he conducted much of his business in cash and admittedly received some gross receipts in cash. Those cash amounts were not included in the gross receipts 11 reported by petitioner on his returns, where he used the same gross receipts figures as developed by respondent for purposes of the criminal information. It is obvious from an examination of those returns and from petitioner's testimony that in filing such returns, even after he had pleaded guilty to two counts of the information, petitioner's *122 concern for accuracy was minimal.
Petitioner has also failed to offer any satisfactory explanation of his failure to file the required returns, as might tend to mitigate against such failure. Cf. Jones v. Commissioner, 259 F. 2d 300 (C.A. 5, 1958). Despite an obligue reference to personal and business problems during the course of his testimony, petitioner has provided this Court with no specifics thereof in justification of his failure.
The foregoing factors lead us to the inescapable conclusion that petitioner's failure to file was part and parcel of his intention to avoid the payment of the tax he knew to be due the Government. His actions 12 indicate an intent to pay tax only if and when the agents of the respondent caught up with him. The imposition of the penalty provided for under section 6653(b) is sustained. Having reached this conclusion, it follows that the petitioner is not liable for the additions to tax under sections 6651(a) and 6653(a).
In accordance with the foregoing,
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. Petitioner admitted that he had previously failed to file returns for 1955 and 1956. While it does not appear in the record whether he was criminally prosecuted for such failure, Klebanoff testified that the matter was "taken care of" and that the taxes had been paid. ↩