CHARLES G. VOGLER and ELIZABETH VOGLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vogler v. Commissioner
Docket No. 2802-73.
United States Tax Court
T.C. Memo 1975-357; 1975 Tax Ct. Memo LEXIS 17; 34 T.C.M. (CCH) 1550; T.C.M. (RIA) 750357; December 18, 1975, Filed Owen J. Galligan, for the petitioner. Peter M. Ritteman, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the tax years 1970 and 1971 in the amounts of $2,778.36 and $3,072.71, respectively. The only issue for decision is whether petitioners have substantiated business expenses and charitable contributions in the amounts deducted for the years in issue. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The petitioners, husband and wife, filed joint individual income tax returns for 1970 and 1971 with the Central Service Center in Covington, Kentucky. Their residence at the time the petition was filed was in Dearborn, Michigan. Petitioner, Charles G. Vogler, *18 earned $18,764.13 and $19,005.92 in 1970 and 1971, respectively, as a stockbroker with Reynolds and Company. Petitioners on their returns for 1970 and 1971 deducted $11,191.38 and $11,914.58, respectively, as employee business expenses related to the income from Reynolds and Company. Respondent allowed the expense deduction for both years only to the extent of $5700, approximately 30 percent of Charles Vogler's income as a stockbroker. Respondent also reduced the charitable contributions deduction claimed by petitioners and allowed a deduction of $850 for each year as contrasted to $3201 and $3234 claimed by petitioners for 1970 and 1971, respectively, The records of business expenses and charitable contributions were maintained by petitioner, Charles G. Vogler, and consisted of slips of paper prepared by him from bills, cancelled checks and receipts. No expense books or diaries were maintained by petitioners for 1970 or 1971. On or about May 2, 1972 when the petitioners were in Tennessee, their residence was burglarized. A neighbor reported the burglary and on May 16, 1972 petitioners made a supplementary report to the police, but at that time did not report any missing business *19 records. On June 24, 1972, after an audit was commenced, petitioners, in an inventory of items missing after the burglary, reported that documents pertaining to business expenses and charitable contributions had been stolen. OPINION The sole issue is whether petitioners are entitled to deductions for business expenses and charitable contributions in the amounts claimed on the returns for the years in issue. Respondent contends that petitioners have failed to substantiate the disputed deductions and the deductions in excess of amounts allowed by the respondent must, therefore, be denied. We are compelled to agree. Petitioners claimed travel expenses were inconsistent with the total mileage on the odometers of their cars. Additionally, the amount of the charitable contributions involved were very large to have been made in cash, and many of the organizations involved would presumably have records available to substantiate some of the contributions made. Yet petitioners have failed to produce any secondary evidence, other than their oral testimony, which would verify the amount and nature of the disputed deductions. See sections 1.162-17(d) and 1.170-1(a), Income Tax Regs. Petitioners' *20 vague testimony regarding both the business expense and charitable contributions deductions is clearly insufficient to carry their burden of proof. Robert Neaderland,52 T.C. 532 (1969), affd. on other grounds 424 F. 2d 639 (2d Cir. 1970); Rule 142, Tax Court Rules of Practice.Moreover, we cannot agree that respondent's determination was, as petitioners contend, arbitrary and unreasonable. On the contrary, respondent's determination was, under the circumstances, generous. Consequently, Decision will be entered for the respondent.