THADDEUS McKINON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKinon v. Commissioner
Docket No. 16326-86.
United States Tax Court
T.C. Memo 1988-323; 1988 Tax Ct. Memo LEXIS 351; 55 T.C.M. (CCH) 1345; T.C.M. (RIA) 88323; July 27, 1988. Thaddeus McKinon, pro se. Richard A. Resnick, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion for partial summary judgment. By notice of deficiency dated February 27, 1986, respondent determined deficiencies in petitioner Thaddeus McKinon's 1981 and 1982 Federal income taxes and additions to tax as set forth below: Additions to Tax, Secs. [1]
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6661
1981
$ 7,768
$ 3,884
--    --
--  1982
9,477
--  $ 4,738.50
* $ 947.70
*352 By order dated September 3, 1987, we granted a motion for partial summary judgment against petitioner with respect to the above deficiencies and addition to tax under section 6661. The remaining issue for decision is whether petitioner is liable for the additions to tax for fraud under sections 6653(b), 6653(b)(1), and 6653(b)(2). Petitioner resided in Stuart, Florida when he filed his petition in this case. During the years in issue, petitioner was employed by Florida Power and Light Company. On his 1981 and 1982 Federal income tax returns, petitioner reported wages that he received from Florida Power and Light in the amounts of $ 28,965 and $ 34,275, respectively. Petitioner, however, deducted on Schedule C of the returns these same wages as cost-of-goods sold. The cost-of-goods sold deductions offset the reported wages and resulted in zero tax liability for each year. Among other adjustments, respondent disallowed the cost-of-goods sold deductions. As mentioned, we previously granted a motion for partial summary *353 judgment against petitioner with respect to the deficiencies in Federal income tax determined by respondent for 1981 and 1982. That partial summary judgment was based in part on an admission by petitioner in his reply to respondents' answer that he had underreported taxable income on his 1981 and 1982 Federal income tax returns in the respective amounts of $ 26,965 and $ 32,275. On May 8, 1987, a criminal judgment under section 7201 was entered against petitioner by the United States District Court for the Southern District of Florida for willfully attempting to evade and defeat income taxes due for 1981, 1982, and 1983. Sections 6653(b) and 6653(b)(1) provide an addition to tax in the amount of 50 percent of the underpayment if any part of the underpayment was due to fraud. Section 6653(b)(2) provides an addition to tax equal to 50 percent of the interest due with respect to the portion of the underpayment that is attributable to fraud. To establish fraud under section 6653(b) respondent must establish by clear and convincing evidence: (1) That there was an underpayment of tax for each year; and (2) that a portion of the underpayment for each year was due to fraud. Sec. 7454(a); *354 Rule 142(b), Tax Court Rules of Practice and Procedure. In this case, underpayments of tax for 1981 and 1982 have been established by clear and convincing evidence. To establish that a portion of the underpayment for each year was due to fraud, respondent relies on petitioner's criminal conviction under section 7201. Respondent argues that petitioner's conviction for willfully attempting to evade and defeat income tax for 1981 and 1982 is binding on petitioner, and that under the doctrine of collateral estoppel, petitioner is estopped from denying in this proceeding that he willfully filed false and fraudulent Federal income tax returns for 1981 and 1982. We agree. We addressed the effect of convictions under section 7201 on determinations made under section 6653(b) in Amos v. Commissioner,43 T.C. 50, 55-56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). In Amos, we concluded that the fraudulent intent required under section 6653(b) is included within the fraudulent intent element of a conviction under section 7201. A finding, therefore, in a criminal proceeding that a taxpayer willfully attempted to evade income tax under section 7201 is binding *355 on that taxpayer under the doctrine of collateral estoppel in a subsequent civil proceeding involving a tax deficiency for the same year. See also Gray v. Commissioner,708 F.2d 243, 246 (6th Cir. 1983), affg. a Memorandum Opinion of this Court; Neaderland v. Commissioner,424 F.2d 639, 642 (2d Cir. 1970), affg. 52 T.C. 532 (1969); Wright v. Commissioner,84 T.C. 636, 642 (1985). Based on the above authorities, petitioner is collaterally estopped from denying that the deficiencies in this case were due to fraud. Respondent's additions to tax under sections 6653(b), 6653(b)(1), and 6653(b)(2) are sustained. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
*. 50 percent of the interest due on $ 9,477. ↩