HAROLD D. AND HELEN R. GROSS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gross v. Commissioner
Docket No. 5409-88
United States Tax Court
T.C. Memo 1990-93; 1990 Tax Ct. Memo LEXIS 93; 58 T.C.M. (CCH) 1506; T.C.M. (RIA) 90093; February 27, 1990
Harold D. Gross, pro se. Fera Wagner, for the respondent. COHEN
*94 MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661(a)
1984
$ 43,818
$ 21,909
**
$ 10,955
1985
79,345
39,673
**
19,836
Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are (1) whether petitioners are entitled to application of section 1034 to gain associated with the sale of their home; (2) whether petitioners are liable for the additions to tax for fraud; (3) whether petitioners are liable for the additions to tax for substantial understatement of income tax; (4) whether petitioners are liable for damages for maintaining a position that is frivolous. FINDINGS OF FACT In this case, the facts are established as a result of petitioners' failure to respond properly *95 to respondent's request for admissions. The facts found are those set forth in respondent's request for admissions, excluding those that we concluded in a prior order to be improper requests for admissions and thus objectionable for purposes of Rule 90(e). In 1984 and 1985, petitioners Harold D. Gross (petitioner) and Helen Gross were husband and wife. On July 1, 1984, petitioners sold their then residence located at 1035 Georgina (Georgina House), Santa Monica, California, for $ 500,000. Petitioners' basis in the Georgina House was $ 73,000. Petitioners then changed their residence to 1116 Carmelina Avenue, Los Angeles, California (Carmelina Avenue House). Petitioner had inherited the Carmelina Avenue House from his father, acquiring title in January 1981. Petitioners filed a Schedule C with their 1984 Federal income tax return reporting their business as "property manager, landlord." The schedule reflected no income for 1984 but claimed expenses totaling $ 72,539. On their 1984 Federal income tax return, petitioners claimed medical expenses in the amount of $ 9,738 and miscellaneous expenses of $ 13,087. Petitioners filed a Schedule C with their 1985 Federal income *96 tax return listing "landlord" as their business. This schedule reported no income but claimed expenses of $ 50,807. On their 1985 Federal income tax return, petitioners claimed $ 19,126 as miscellaneous expenses and $ 15,000 as interest expense. Petitioners owned no real property other than their place of residence-during 1984 and 1985. Petitioners received no W-2 or 1099 forms reflecting income for managing property during 1984 or 1985. Respondent disallowed petitioners' claimed Schedule C expenses, application of section 1034 to gain on the sale of the home, medical expenses, miscellaneous deductions, and interest expense. OPINION Deductibility of Claimed Expenses
Petitioners bear the burden of proving they are entitled to the amounts they claimed as business, interest, medical, and miscellaneous deductions. Rule 142(a). Petitioners presented no evidence with respect to the claimed amounts; accordingly, respondent's determination is sustained on these issues. Gain on Sale of Principal Residence
Petitioners deferred the gain associated with the sale of the Georgina House and their purported purchase of the Carmelina Avenue House. Petitioners bear the burden *97 of proving that they purchased the Carmelina Avenue House and that they made the purchase within the statutorily prescribed period. Section 1034 provides: (a) Nonrecognition of Gain. -- If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. The admitted facts establish that petitioners' Carmelina Avenue House was inherited and was not purchased within 2 years of sale of the Georgina House. They are not entitled to the benefits of section 1034. Petitioner testified that he believed that there was no capital gain on the sale of the Georgina House, because the Carmelina Avenue House (new residence) cost more than the Georgina House (old residence). Petitioner, however, produced *98 no records. The admitted facts establish a sale price of $ 500,000, far in excess of petitioners' basis of $ 73,000. Thus a taxable gain on sale of the house must be recognized. Additions to Tax for Fraud
Respondent determined that petitioners' underpayments of income tax for the years in issue were due to fraud. Section 6653(b)(1), as in effect for the years in issue, provides for an addition to tax of 50 percent of the amount of an underpayment if any part of the underpayment is due to fraud. Section 6653(b)(2), as in effect for the years in issue, provides for an addition to tax of 50 percent of the interest payable under section 6601 (relating to interest on underpayments) with respect to the portion of the underpayment attributable to fraud. The addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expenses of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, an underpayment and that some part of the *99 underpayment for each year is due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). A fraudulent underpayment of taxes may result from an overstatement of deductions as well as an understatement of income. Hicks Co. v. Commissioner, 56 T.C. 982, 1019 (1971), affd. 470 F.2d 87 (1st Cir. 1972); Neaderland v. Commissioner, 52 T.C. 532, 540 (1969), affd. 424 F.2d 639 (2d Cir. 1970). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's *100 intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Stone v. Commissioner, 56 T.C. 213, 223-224 (1971). Deemed admissions may also establish fraud. Doncaster v. Commissioner, 77 T.C. 334, 336 (1981). We have, in the present case, deemed admitted the facts set forth in respondent's request for admissions. We have not deemed admitted respondent's legal arguments or conclusions of law. Petitioners were offered the opportunity to explain the admitted facts at trial of this case. Petitioners have presented only frivolous arguments. In their Answer to Request for Admissions, petitioners presented partially unintelligible and otherwise frivolous arguments. At trial the following colloquy occurred: THE COURT: Well, you have the burden of proving your deductions. You also have the burden of proving that you were required to exclude --- that you were permitted to exclude from your reported income the gain from the sale of your house. Now, you have the burden *101 of proving those items. The Government has the burden of proving fraud, but based on the facts you have admitted, I can find fraud and probably will. MR. GROSS: I understand what the Government has to prove, but what I'm talking about is proving otherwise. * * * MR. GROSS: I -- well, I'd like to repeat what I just said because I -- it's most important that that's understood what I'm taking about. Petitioner then repeated his frivolous statements. Based upon the deemed admissions and the absence of any adequate explanation by petitioners, we conclude that petitioners intentionally overstated deductions and understated income for the years in issue; accordingly, petitioners are liable for the section 6653(b)(1) and (b)(2) additions to tax for fraud. Additions to Tax for Substantial Understatement
Respondent also determined additions to tax under section 6661 for substantial understatement of income tax. Section 6661 imposes an addition to tax equal to 25 percent of any substantial understatement of income tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of 10 percent *102 of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1). Based on our conclusions above, petitioners' understatements are substantial, and petitioners have not shown that they satisfy any of the exceptions under section 6661(b)(2)(B); accordingly, we sustain respondent's determination with respect to the additions to tax under section 6661(a). Damages for Maintaining a Position That is Frivolous
Section 6673 permits this Court to award damages in an amount not in excess of $ 5,000 if it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. We are normally reluctant to award section 6673 damages in fraud cases; however, here the facts are uncontroverted and are apparently uncontrovertible. In an Order dated October 13, 1989, the Court warned petitioners as follows: The Court takes judicial notice that petitioners' liability for a prior year was the subject of docket No. 17971-83 in this Court. Decision was entered September 23, 1985, pursuant to *103 the oral opinion of the Court rendered April 19, 1985. On appeal from our decision, petitioners argued that the deficiency should be set aside as a sanction against the Commissioner for alleged misconduct and that the progressive rate structure of the Federal income tax violates the Constitution. The Court of Appeals for the Ninth Circuit rejected both arguments in an unpublished Memorandum Opinion filed September 22, 1986. The petition in this case was filed March 18, 1988, and that petition, the amended petition filed May 10, 1988, Petitioners' Answer to Request for Admissions, and petitioners' Objection to Respondent's Motion and attached Letter to the Court all suggest that petitioners are making similar arguments in this case. Petitioners are hereby warned that, if they make such arguments and refuse to address the factual issues in this case, the Court may award damages to the United States in an amount not in excess of $ 5,000 under the provisions of section 6673, I.R.C., as amended. Despite our warning, petitioners proceeded to make frivolous arguments at trial. In such instances, it is appropriate to award damages to the United States under section *104 6673 in the amount of $ 5,000. (Petitioners are hereby advised that under the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106 (Dec. 19, 1989), as to positions taken after December 31, 1989, in proceedings that are pending on, or commenced after, such date, this Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.) Decision will be entered for the respondent.
Footnotes
**. 50% of the interest due on $ 43,818 and $ 79,345 for 1984 and 1985, respectively.↩