**396**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**ONE 1967 CADILLAC EL DORADO, SE-
RIAL NO. H7135768, LICENSE NO.
TVM 155, its tools and appurtenances,
Leonar Dixon, real party in interest,
Defendant-Appellant.**

**No. 26269.**

United States Court of Appeals,
Ninth Circuit.

Dec. 27, 1971.

Jonathan K. Golden (argued), Burton
Marks, of Marks, Sherman & London,
Beverly Hills, Cal., for appellant.

Larry L. Dier, Asst. U. S. Atty.,
(argued), Robert L. Meyer, U. S. Atty.,
Frederick M. Brosio, Jr., Asst. U. S.
Atty. & Chief, Civil Division, Los Ange-
les, Cal., for appellee.

Before CHAMBERS and HUFSTED-
LER, Circuit Judges, and TAYLOR,*
District Judge.

PER CURIAM:

Appellant Cadillac was forfeited on
the ground that it had been used to fa-
cilitate transportation of illegally im-
ported marihuana (19 U.S.C. § 1595a).
The owner of the Cadillac had been tried
and acquitted of the charge of trans-
porting or facilitating the transporta-
tion of marihuana before the forfeiture
proceeding had been commenced. (21
U.S.C. § 176a.) The facts upon which
the charges against the owner were
made were the same as those upon which
the forfeiture proceeding depended.

In Coffey v. United States (1886) 116
U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 cited
with approval in Ashe v. Swenson
(1970) 397 U.S. 436, 443 n. 7, 90 S.Ct.
1189, 25 L.Ed.2d 469, the Supreme Court
held that a prior judgment of acquittal
of the owner of property forecloses a
proceeding to forfeit that property when
the operative facts of both the criminal
and the forfeiture proceedings are the
same. The conclusion follows from the
combined impact of collateral estoppel
and the double jeopardy clause. (*See
also* United States v. U. S. Coin & Cur-
rency (1971) 401 U.S. 715, 721–722, 91
S.Ct. 1041, 28 L.Ed.2d 434; McKeehan
v. United States (6th Cir. 1971) 438 F.
2d 739, 746–747.)

The judgment is reversed with direc-
tions to dismiss the complaint.

---

* Hon. Fred M. Taylor, United States District Court Judge, Boise, Idaho, sitting by designa-
tion.