453 F.2d 396
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1967 CADILLAC EL DORADO, SERIAL NO. H7135768, LICENSE
NO. TVM 155, its tools and appurtenances, Leonar
Dixon, real party in interest,
Defendant-Appellant.
 No. 26269.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 27, 1971.
 
 Jonathan K. Golden (argued), Burton Marks, of Marks, Sherman & London, Beverly Hills, Cal., for appellant.
 Larry L. Dier, Asst. U. S. Atty., (argued), Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty. & Chief, Civil Division, Los Angeles, Cal., for appellee.
 Before CHAMBERS and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.
 PER CURIAM:
 
 
 1
 Appellant Cadillac was forfeited on the ground that it had been used to facilitate transportation of illegally imported marihuana (19 U.S.C. Sec. 1595a). The owner of the Cadillac had been tried and acquitted of the charge of transporting or facilitating the transportation of marihuana before the forfeiture proceeding had been commenced. (21 U.S.C. Sec. 176a.) The facts upon which the charges against the owner were made were the same as those upon which the forfeiture proceeding depended.
 
 
 2
 In Coffey v. United States (1886) 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 cited with approval in Ashe v. Swenson (1970) 397 U.S. 436, 443 n. 7, 90 S.Ct. 1189, 25 L.Ed.2d 469, the Supreme Court held that a prior judgment of acquittal of the owner of property forecloses a proceeding to forfeit that property when the operative facts of both the criminal and the forfeiture proceedings are the same. The conclusion follows from the combined impact of collateral estoppel and the double jeopardy clause. (See also United States v. U. S. Coin & Currency (1971) 401 U.S. 715, 721-722, 91 S.Ct. 1041, 28 L.Ed.2d 434; McKeehan v. United States (6th Cir. 1971) 438 F.2d 739, 746-747.)
 
 
 3
 The judgment is reversed with directions to dismiss the complaint.
 
 
 
 *
 Hon. Fred M. Taylor, United States District Court Judge, Boise, Idaho, sitting by designation