**Ernest Jackson COTTLE, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellant.**

No. 72–1673.

United States Court of Appeals, Fifth Circuit.

May 2, 1974.

Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellant.

Moe B. Safer, Jacksonville, Fla. (Court-appointed), for petitioner-appellee.

Before TUTTLE, WISDOM and SIMPSON, Circuit Judges.

TUTTLE, Circuit Judge:

This Court had initially disposed of this case by an opinion affirming the decision of the trial court granting a writ absolute in a habeas corpus proceeding following the revocation by the Florida Parole Commission of Cottle's parole. *See* 477 F.2d 269 (5th Cir. 1973). This Court also, Judge Simpson dissenting, held that if the state parole

commission should hold any future proceeding to revoke Cottle's parole, evidence of the second of two North Carolina misdemeanor convictions could not be used because such conviction was invalid for want of appointment of counsel as required by the Supreme Court's decision in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1971), to which this Court gave retroactive application.

This Court's decision affirmed a determination by the trial court that the action of the Florida Parole Commission in revoking Cottle's parole was void because, while the Florida statute permitted a parolee to be represented at a revocation hearing, it made no provision for the appointment of counsel for a parolee who was without means to provide for his own representation. In our opinion we recognized the existence of the question whether a hearing conducted under such circumstances deprived Cottle of his equal protection rights under the fourteenth amendment and also the question whether the conducting of such a hearing would require, under all circumstances, the appointment of counsel as an element of due process under the amendment. The majority opinion expressly pretermitted the second issue, although Judge Simpson, concurring in part, expressed the view that due process required the appointment of counsel.

Petition for certiorari was made by Wainwright, and the Supreme Court considered it together with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Court granted certiorari in *Cottle* and ordered:

> "Judgment vacated and case remanded for further consideration in light of Gagnon v. Scarpelli. . . ." Cottle v. Wainwright, 414 U.S. 895, 94 S.Ct. 221, 38 L.Ed.2d 138.

At issue in *Gagnon* was a decision by the Court of Appeals for the Seventh Circuit holding that revocation of probation without a hearing *and counsel* was a denial of due process. *See* Gunsolus v. Gagnon, 454 F.2d 416 (7th Cir. 1971).

The Supreme Court held that a hearing was required but, with respect to the requirement of counsel, the Court said:

> "We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion *by the state authority charged with responsibility for administering the probation and parole system.* Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees." (Emphasis added).

■ It is perfectly clear that the court, by the emphasized language in the foregoing quotation holds that the determination is to be first made by the exercise of sound discretion by the state parole authority. This means, as we understand it, that no matter how clear it may appear to the appellate court that it would be error not to provide counsel in the particular case before it, it is not really within our province to make this determination without first permitting the Florida Parole Commission to consider the whole matter of Cottle's parole revocation anew.

It is true, however, that the Supreme Court has given guidelines to be considered by the responsible agency since the Court finds that "the facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation." 411 U.S. 778, 790, 93 S.Ct. 1756, 1764, 36 L.Ed.2d 656. These guidelines are stated as:

> "Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a re-

quest, based on a timely and colorable claim (1) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (2) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record."

As we stated in the original opinion in footnote 7:

"No better example of the importance of the revocation hearing can be imagined than the facts of the case before us. After serving five years in confinement on a 12 year sentence Cottle was released in 1961 on parole. At the time he was arrested on a revocation warrant in July, 1968, for two 'drunk' convictions he had less than *two months* to finish his entire sentence. By the order of revocation he was recommitted to the state penitentiary to serve out the *seven years* that remained after his 1961 release on parole." 477 F.2d 269, 272.

Moreover, the record discloses that Cottle challenged the correctness of the convictions in North Carolina, contending they were family squabbles, but that he had not contested them because he did not wish to create any ill will with the police officials. As has already been indicated he did not have counsel in either of these minor convictions.

There is still the question as to what disposition is to be made upon remand of the case to the state parole commission with respect to the two North Carolina convictions. In our earlier opinion we concluded, Judge Simpson dissenting, that the fact of Cottle's conviction for the second offense in North Carolina could not be used against him in the event that the parole commission were to hold a subsequent hearing. This was on the basis that he was indigent and had been denied counsel. The fact of Cottle's indigency had been determined by the trial court on a record that was scant in this regard. However, as we pointed out earlier in that opinion, the state did not contest this issue of fact. Moreover, now that the case has been remanded counsel for the state has been invited to file supplemental briefs and, notwithstanding the support that might be found in the dissenting opinion, the state has notified us that it will not file any supplemental briefs in the case. We think it proper, therefore, to continue to adhere to the position previously taken by the majority that the second conviction in North Carolina may not be utilized by the state in any hearing hereafter held to revoke Cottle's parole.

As we said in the earlier opinion, the state of course is permitted to undertake to prove the facts of what Cottle is alleged to have done in North Carolina, which we understand him to have contested in the earlier hearing.

In conformity with the Supreme Court order we vacate our earlier opinion and remand the case to the trial court with directions that the case be held pending in that court while the parties are remanded for further proceedings before the Florida Parole Commission under the guidelines announced in Gagnon v. Scarpelli, *supra*.