[No. 2107–3.   Division Three.   June 3, 1977.]

*In the Matter of the Personal Restraint of*
DORANCE KNOKE, *Petitioner.*

*Richard L. Cease, Public Defender,* and *Donald L. Westerman, Assistant,* for petitioner.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondent.

PER CURIAM.—Petitioner seeks relief from personal restraint imposed by a revocation of his parole. He contends he should be released from confinement because he has been denied due process by not being afforded an onsite parole revocation hearing until 75 days after being incarcerated and 64 days after his preliminary hearing. We hold petitioner has not been denied due process, and dismiss the petition.

In August of 1971, petitioner was convicted in King County Superior Court of identification card theft and sentenced to a term of 10 years in prison. He was paroled and subsequently he went to California. On May 27, 1976, a parole suspension warrant was issued by Washington authorities. The warrant was served upon petitioner in the Mendocino County Jail. Petitioner waived extradition and was returned to the King County Jail on June 3, 1976. On June 14, 1976, a preliminary hearing was held, and it was determined there was probable cause to detain petitioner pending his onsite parole revocation hearing. The onsite hearing was scheduled to be held July 1, 1976, but the hearing was continued because petitioner was transferred to

the Spokane County Jail on June 22, 1976. The onsite was held on August 16, 1976, at Spokane, and petitioner's parole was revoked on August 30, 1976.

A final parole revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1973); *Monohan v. Burdman,* 84 Wn.2d 922, 530 P.2d 334 (1975). In *Morrissey,* it was held that a lapse of 2 months was not unreasonable. Accordingly, we hold the delay in this case was not so unreasonable as to deny petitioner due process. We also note, however, it would have been preferable to afford petitioner his onsite hearing before transferring him to the Spokane County Jail.

Petitioner also requests the court to consider RCW 9.95-.120 which provides in part:

> Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state or the laws of any state where he may then be, he shall be entitled to a fair and impartial hearing of such charges within thirty days from the time that he is served with charges of the violation of conditions of his parole after his arrest and detention.

The statutory right to a hearing within 30 days is enforceable by way of mandamus. *January v. Porter,* 75 Wn.2d 768, 453 P.2d 876 (1969). However, RCW 9.95.120 is not jurisdictional, and failure to hold the hearing within 30 days does not entitle the petitioner to dismissal of the parole revocation proceedings.

In addition, it should be noted even if we found petitioner's due process rights were violated, it is doubtful his detention would be affected. Previously, petitioner filed another personal restraint petition in this court alleging he had not been afforded a timely preliminary or final probation revocation hearing. This petition was dismissed as moot because petitioner's probation was revoked for an

assault committed while incarcerated in the Spokane County Jail. His parole could be revoked on the same basis. Petition is dismissed.