579 P.2d 1389

**Daniel L. DUGAN, Petitioner,**

v.

**Harold G. CARDWELL, Warden of the Arizona State Prison, the Arizona Department of Corrections, an Agency of the State of Arizona, Daniel D. Simmons, Chairman of the Board of Pardons and Paroles, Department of Corrections, the Honorable Jack La Sota, the Attorney General of the State of Arizona, Respondents,**

**The STATE of Arizona, Real Party in Interest.**

**No. H–750.**

Supreme Court of Arizona,
In Banc.

June 21, 1978.

John M. Neis, Pima County Public Defender by Jeffrey D. Bartolino, Deputy Public Defender, Tucson, for petitioner.

John A. La Sota, Jr., Acting Atty. Gen. by Robert F. Ellig, Asst. Atty. Gen., Phoenix, for respondents.

HOLOHAN, Justice.

Petitioner filed a petition for writ of habeas corpus with this court after the Board of Pardons and Paroles had revoked his parole. We took jurisdiction pursuant to Art. 6, § 5 of the Arizona Constitution and A.R.S. § 13–2003.

Petitioner alleges that he was convicted of simple battery and was placed on probation for a period of two years. At the time of his conviction petitioner was on parole from the Arizona State Prison. At the trial for the simple battery appellant was not represented by counsel. After his conviction he was arrested and detained on a warrant for violation of parole.

A hearing was held before the Board of Pardons and Paroles on three alleged violations of conditions of parole. Petitioner advised the Board that he was not represented by counsel at the trial for the simple battery. The board, however, revoked his parole on the basis that petitioner had been convicted of the offense of simple battery while on parole.

After petitioner had filed the petition for writ of habeas corpus, the state requested and received an extension of time to file a response. However, this court did not receive a response to the petition within the time allowed in the extension; therefore, we ordered the petition to be submitted without the state's response. The allegations of the verified petition stand uncontested, and we accept them as true.

Petitioner relies on the United States Supreme Court decision of *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) to support his position that absent a knowing and intelligent waiver no indigent person may be imprisoned for any offense unless he is represented by counsel. Petitioner argues from *Argersinger* that his conviction was void and his parole cannot be revoked based on that conviction.

Although there is some question in the federal courts as to the extent of an indigent's right to counsel in a petty offense if a sentence of confinement is not adjudged, see *Potts v. Estelle*, 529 F.2d 450 (5th Cir. 1976); *Cottle v. Wainwright*, 477 F.2d 269 (5th Cir. 1973), *modified* 493 F.2d 397 (5th Cir. 1974), the Arizona Rules of Criminal Procedure mandate that whenever an indigent defendant is tried for an offense in which the penalty may include confinement he is entitled to counsel. 17 A.R.S. Rules of Criminal Procedure, rule 6.1.

Although it is clear that petitioner was not represented by counsel at the trial for the simple battery. It is unclear from the record whether appellant was indigent at the time of his trial. There are a number of factors which indicate that he was indigent. In any event, it appears that there should be a rehearing in this matter before

the Board of Pardons and Paroles to resolve this question. If the petitioner was indigent the conviction may not be used to revoke his parole. The Board can, of course, hear evidence to establish whether the petitioner committed the offense of simple battery.

In view of the foregoing the application of petitioner for discharge from custody will be granted unless the Board of Pardons and Paroles grants petitioner another hearing within thirty days of the date of this opinion. The mandate of this court will issue forthwith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.