Bruce Paul BLEDSOE,
Petitioner-Appellant,

v.

STATE OF WASHINGTON BOARD OF
PRISON TERMS & PAROLES et al.,
Respondents-Appellees.

No. 78–2058.

United States Court of Appeals,
Ninth Circuit.

March 21, 1979.

Rehearing Denied May 9, 1979.

John H. Hill, III (argued), Tacoma, Wash., for petitioner-appellant.

Nate Mannakee, Asst. Atty. Gen. (argued), Olympia, Wash., for respondents-appellees.

---

\* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

1. Here, after having been convicted of a narcotics offense, Bledsoe was released to state authorities on parole. While at liberty in this status, he was charged with having committed the offense of robbery. He was acquitted of the charge after a full trial in the appropriate Washington court. Not satisfied with the result of that trial, however, the parole authorities revoked Bledsoe's parole, finding "by a preponderance of the evidence" that he had committed the offense of which he had been acquitted in the criminal trial. To the concurring judges, this simply does not seem fair. It should be mentioned, too, that it did not seem fair to District Judge Neill, before whom Bledsoe's Petition for Habeas relief was presented. Judge Neill, in a well reasoned opinion, took an approach opposite to that taken by this court in *Standlee.* Because of *Standlee,* however, Judge Neill was compelled to withdraw his original opinion and revoke his original decision that Bledsoe was entitled to relief.

Before ELY and KILKENNY, Circuit Judges, and FERGUSON,\* District Judge.

PER CURIAM:

Upon the authority of *Standlee v. Rhay,* 557 F.2d 1303 (9th Cir. 1977), the judgment of the District Court must be, and the same hereby is

AFFIRMED.

ELY, Circuit Judge, with whom Judge FERGUSON joins (concurring):

Under the compulsion of *Standlee,* Judge Ferguson and I have no choice save to concur in the affirming disposition. We hold the deep conviction, however, that *Standlee* was wrongly decided, and we fervently hope that the time will soon come when the full court will turn away from its *Standlee* decision.[1]