890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Arthur KULT, Petitioner-Appellant,
v.
Dewey SOWDERS, Attorney General of Kentucky, Respondents-Appellees.
 No. 89-5549.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 George Arthur Kult appeals the dismissal of his petition for a writ of habeas corpus, filed under 28 U.S.C. Sec. 2254, in which he alleged the Kentucky Parole Board acted arbitrarily by not giving him "a full hearing and allowing all information to be presented" and that the board relied on "outside information" to support his parole revocation. The magistrate concluded that the Kentucky Parole Board provided Kult with the minimum due process requirements and recommended that the petition be dismissed. Over Kult's objections the district court adopted the magistrate's recommendation and dismissed the petition. Upon consideration, we conclude that the dismissal was proper as Kult was not denied fundamental fair process.
 
 
 3
 First, the district judge correctly concluded that the administrative law judge was not biased where, as here, Kult offered no evidence of bias other than that the administrative law judge ruled against him. Furthermore, the district court correctly concluded that there was ample evidence to support the hearing officer's findings and the Parole Board's decision. The overwhelming, undisputed facts were that Kult was arrested and charged with several felonies, that he did not deny his presence in the car, the presence of the firearms, the presence of the convicted felons, or the presence of ammunition in his pocket. The evidence was, therefore, sufficient by a preponderance to convince the administrative law judge and the parole board that Kult had associated with convicted felons and was in possession of firearms--two technical violations of his parole. See Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984). The dismissal of the criminal charges did not preclude revocation on the same charge. See United States ex rel. Carrasquillo v. Thomas, 677 F.2d 225 (2d Cir.1982); Steinberg v. Police Court of Albany, N.Y., 610 F.2d 449, 451-52 (6th Cir.1979); Standlee v. Rhay, 557 F.2d 1303, 1305-07 (9th Cir.1977). Finally, the district court correctly concluded that Kult was afforded a full and fair opportunity for a hearing with the minimum requirements of due process as defined by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.