988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Priestly THOMPSON, Petitioner-Appellant,
v.
Kenneth W. DUCHARME, Respondent-Appellee.
 No. 92-35407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-90-1221-BJR, Barbara J. Rothstein, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Priestly Thompson appeals the district court's denial of his habeas corpus petition which raised several constitutional challenges to the revocation of his parole. We AFFIRM.
 
 BACKGROUND FACTS
 
 3
 In 1973 Thompson was convicted of second degree murder and sentenced to 25 years. He was paroled in 1987 but was arrested on burglary charges in December 1988. His community corrections officer notified the Washington Indeterminate Sentence Review Board (ISRB) of Thompson's arrest but no parole violation warrant was issued and parole was not suspended at that time. Thompson pleaded guilty to the burglary and was sentenced on June 1, 1989.
 
 
 4
 On July 14, 1989, ISRB served Thompson with a notice of parole violations. A parole revocation hearing was convened on August 28, 1989, at which Thompson was represented by counsel. ISRB revoked parole on the basis of the new felony conviction. Thompson exhausted his state remedies and thereafter filed his petition for writ of habeas corpus in the district court, claiming that the revocation violated his constitutional rights.
 
 DISCUSSION
 
 5
 Thompson first claims that the delay in convening the revocation hearing violated his rights to due process and equal protection.
 
 
 6
 Washington statutes provide that a parolee is entitled to a parole revocation hearing within thirty days from the date he is notified of the charge that he has violated parole conditions. Wash.Rev.Code Ann. § 9.95.120 (West 1988); Wash.Admin.Code § 381-70-160(1) (Supp.1991). However, the Washington courts have held that the period is not jurisdictional, and that under Washington law the hearing can take place beyond that time. In re Knoke, 565 P.2d 1187, 1188 (Wash.App.1977). Section 9.95.120, which is a purely procedural statute, does not create a liberty interest which might transform a violation of the state statute into a violation of due process. See Mendoza v. Blodgett, 960 F.2d 1425, 1428-29 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3303 (1993). Thus, ISRB's failure to comply with the thirty-day time limit did not violate due process.
 
 
 7
 The Constitution requires that a parole revocation hearing must be tendered within a "reasonable time" after the parolee is taken into custody by the paroling authority. Morrissey v. Brewer, 408 U.S. 471, 488, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (2 month delay is not unreasonable). Here the forty-four day delay was not unreasonable.
 
 
 8
 Thompson next contends that the deferral of revocation pending resolution of the criminal charges violated his constitutional rights. However, deferral of revocation proceedings does not violate due process. See Moody v. Daggett, 429 U.S. 78, 86-89, 97 S.Ct. 274, 278-80, 50 L.Ed.2d 236 (1976). Double jeopardy is not implicated because the parole revocation was not punishment for the 1988 burglary. Parole revocation is remedial and is not part of a criminal prosecution. Standlee v. Rhay, 557 F.2d 1303, 1306 (9th Cir.1977). Indeed, Thompson's parole could properly have been revoked based on the 1988 burglary even if he had been acquitted of the charges. See id. at 1307.
 
 
 9
 Thompson fails to state an equal protection claim because he does not allege that ISRB treated his revocation differently from those of other parolees for an invidious or discriminatory reason. See McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991). His claims that ISRB was estopped from initiating revocation proceedings and that ISRB abused its administrative discretion in deferring revocation are not cognizable in habeas corpus. See O'Bremski v. Maass, 915 F.2d 418, 423 (9th Cir.1990), cert. denied, 111 S.Ct. 986, 112 L.Ed.2d 1070 (1991); McQueary, 924 F.2d at 833-34.
 
 
 10
 Thompson contends that due process was denied because his community corrections officer did not testify at the revocation hearing. Wash.Admin.Code § 381-70-300 (Supp.1991) provides that ISRB may issue subpoenas for witnesses upon request of counsel or upon request of a parolee who shows the relevance and scope of testimony to be produced. Neither Thompson nor his counsel requested a subpoena from ISRB, although Thompson did ask in a letter to ISRB that his community corrections officer be allowed to appear at the hearing.
 
 
 11
 The Constitution does require that Thompson have the opportunity to present witnesses on his behalf. Morrissey, 408 U.S. at 489, 92 S.Ct. at 2604. ISRB provided that opportunity. ISRB is not required to obtain witnesses for Thompson. He was represented by counsel, and there is no indication that the absence of the community corrections officer was in any way attributable to ISRB. In fact, Thompson has not even stated that the officer would not appear without subpoena, and has not demonstrated prejudice from the absence of the testimony. See Standlee, 557 F.2d at 1307. The district court properly denied this claim.
 
 
 12
 We decline to consider Thompson's claim that counsel failed to provide effective assistance at the revocation hearing. That claim was not presented to the district court. Willard v. California, 812 F.2d 461, 465 (9th Cir.1987); see Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 155 (1984).
 
 
 13
 Finally, because there were no material facts in dispute, the district court did not err in granting summary judgment without holding an evidentiary hearing. See McQueary, 924 F.2d at 833. The disputes identified by Thompson are legal questions, not factual issues. Thus, Thompson has shown no need for discovery of ISRB's files.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3