91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime LOMELI-GONZALEZ, Defendant-Appellant.
 No. 95-50274.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996*.
Decided July 3, 1996.
 
 Before: WIGGINS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mr. Lomeli-Gonzalez was convicted on March 2, 1993 of violating 8 U.S.C. § 1326(a), which forbids aliens who have been arrested and deported from reentering the United States unless the Attorney General has expressly consented to the alien's reapplication for admission. He was sentenced to two years of imprisonment and one year of supervised release. One condition of this release was that, "If deported, the defendant shall not reenter the United States without the proper legal documents to do so." ER 5. After his release from prison, Lomeli-Gonzalez turned up once again on United States soil. The district court issued a bench warrant for his arrest, arraigned him, and, on June 5, 1995, held a hearing in which it revoked Lomeli-Gonzalez's release and sentenced him to twelve months of incarceration.
 
 
 3
 In this appeal, Lomeli-Gonzalez argues that the district court violated the due process/confrontation rights required for revocation hearings under Morrissey v. Brewer, 408 U.S. 471 (1972), by: 1) admitting hearsay evidence without explicitly balancing his right to confront adverse witnesses against the government's reasons for denying confrontation; and 2) admitting unreliable hearsay evidence without good cause. He also argues the government failed to provide sufficient evidence that he actually violated any condition of his supervised release.
 
 
 4
 We affirm because any error the district court may have made at the revocation hearing was harmless.
 
 
 5
 * A supervised release revocation hearing is not a full-blown trial. "[T]he full panoply of rights due a defendant in [a criminal prosecution] does not apply to [such] revocations." Morrissey, 408 U.S. at 480. However, revocation hearings must satisfy certain basic due process requirements. Id. at 489; United States v. Martin, 984 F.2d 308, 310 (9th Cir.1993). These guarantees also have been enshrined in Fed.R.Crim.P. 32.1. Martin, 984 F.2d at 310. For present purposes, the due process requirement at issue is the releasee's "right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Morrissey, 408 U.S. at 489.
 
 
 6
 A court may admit hearsay at a revocation hearing because "[a] releasee's right to confrontation is not equivalent to that afforded a criminal defendant at trial." Martin, 984 F.2d 308, 310 (9th Cir.1993) (citations omitted). To determine whether admission of hearsay violates this diminished confrontation right, a district court should employ "a process of balancing the [releasee's] right to confrontation against the Government's good cause for denying it." Id. (citations and quotation marks omitted). This balancing process is a flexible inquiry, and the factors that should be considered vary with circumstance. Id. at 311 n. 4. Factors that may be crucial include: 1) the importance of the evidence in question to the court's decision to revoke; 2) the degree to which the releasee lacks an opportunity to refute the evidence; and 3) the severity of the consequences of the evidence on the court's disposition. Id. at 311.
 
 
 7
 Significantly, a releasee seeking reversal of a district court's decision to revoke must show prejudice. Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th Cir.1977), cited with approval by Martin, 984 F.2d at 311. Due process violations at a revocation hearing are subject to harmless error analysis. United States v. Frazier, 26 F.3d 110, 114 (11th Cir.1994).
 
 II
 
 8
 To properly revoke Lomeli-Gonzalez's supervised release, the district court merely needed to satisfy itself that the government had shown by a preponderance of the evidence that Lomeli-Gonzalez was deported after his release from prison and that he had later reentered the country illegally. 18 U.S.C. § 3583(e)(3).[1] Lomeli-Gonzalez's probation officer testified at the revocation hearing that Lomeli-Gonzalez had been deported on August 2, 1994 and that she, the officer, knew this fact because she had called the Immigration and Naturalization Service office that handled the deportation and had memorialized this conversation in a memo. ER 41. We note that there is nothing surprising about the substance of this testimony because, under 8 U.S.C. §§ 1252(i), 1252a(a), the Attorney General is required expeditiously to deport aggravated felons such as Lomeli-Gonzalez once their terms of imprisonment have ended.
 
 
 9
 Appellant made a series of hearsay objections to the probation officer's testimony--though none specifically aimed at her testimony concerning deportation. We nonetheless assume for purposes of argument that these objections were sufficient to preserve hearsay and confrontation arguments with regard to this portion of the probation officer's testimony.
 
 
 10
 The district court erred when it did not respond to appellant's somewhat vague hearsay objections by balancing his Morrissey right to confront against the government's good cause for not offering testimony of the declarant. Frazier, 26 F.3d at 114; see also Martin, 984 F.2d at 310.
 
 
 11
 However, we conclude this error was quite harmless. Lomeli-Gonzalez needs to show that he was prejudiced by the district court's misstep. Standlee v. Rhay, 557 F.2d at 1307-08. He has not offered us any reason to doubt that he was properly deported on August 2, 1994 in accordance with the law--just as the probation officer testified she had confirmed with the Immigration and Naturalization Service. Thus, he has shown no prejudice, and the district court's failure to apply the balancing test was harmless.
 
 
 12
 Lomeli-Gonzalez is an aggravated felon who has been deported. He has offered us no conceivable basis for his legal reentry into the United States. Thus, his mere presence in the country after deportation establishes that he has violated the condition of his supervised release that, if deported, he not illegally reenter the United States. We therefore affirm.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Lomeli-Gonzalez argues he had no notice of this condition of his supervised release. He did. ER 39-40