108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel GUERRERO-MOTA, Defendant-Appellant.
 No. 95-10511.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1996.
Decided Feb. 10, 1997.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge.* 
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Manual Guerrero-Mota ("Guerrero-Mota") appeals the district court's decision to revoke his supervised release. After an evidentiary hearing, the District Court found that appellant violated the terms of his supervised release by committing a federal crime during the period of supervised release, illegal entry after deportation in violation of 8 U.S.C. § 1326(b)(1). At the evidentiary hearing, the government produced unauthenticated records that established that appellant had the same name and used the same alias as the person convicted of illegal entry after deportation. The government also introduced hearsay evidence demonstrating that the fingerprints of the appellant and the person convicted of illegal entry after deportation were the same. After careful consideration of the defendant's objections to both the admission of this evidence and to its sufficiency, the district court sentenced appellant to 21 months imprisonment to be served consecutively to the earlier federal sentence for illegal entry after deportation.
 
 
 4
 Appellant contends that the district court's decision should be reversed because the Court improperly admitted unreliable hearsay and unauthenticated evidence of appellant's prior conviction. Appellant also argues that the government failed to provide sufficient evidence that he actually violated the terms of his supervised release. Further, Appellant challenges the district court's imposition of a consecutive rather than a concurrent sentence as legally unwarranted and as exposing him to double jeopardy. We reject each of appellant's arguments and affirm the District Court's rulings.
 
 I.
 
 5
 A defendant seeking reversal of a district court's decision to revoke supervised release must show prejudice. Standlee v. Rhay, 557 F.2d 1303, 1307-8 (9th Cir.1977), cited with approval, United States v. Martin, 984 F.2d 308, 311 (9th Cir.1993). Alleged violations of due process and of the confrontation clause at a revocation hearing are reviewed de novo. United States v. George, 960 F.2d 97, 99 (9th Cir.1992). Moreover, due process and confrontation clause violations at a revocation hearing are subject to harmless error analysis. United States v. Vergas, 933 F.2d 701, 704-05 (9th Cir.1991), see also United States v. Frazier, 26 F.3d 110, 114 (11th Cir.1994). Finally, admission of evidence by the district court is reviewed for abuse of discretion. United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982).
 
 
 6
 In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court held that "the full panoply of rights due a defendant in [a criminal prosecution] does not apply to parole revocations." Id. at 480. However, the Court also held that revocation hearings must satisfy certain fundamental due process requirements "to assure that the finding of a parole violation will be based on verified facts." Id. at 484; see also Martin, 984 F.2d at 310 (9th Cir.1993). The Court set forth minimum guidelines to be used to assess whether these requirements were satisfied,[1] which were also codified in Federal Rule of Criminal Procedure 32.1. Martin, 984 F.2d at 310. While appellant does not explicitly assert that his due process rights were violated, his claim that the district court erred in admitting unreliable hearsay is subject to due process analysis. Specifically, at issue is the appellant's "right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Morrissey, 408 U.S. at 489.
 
 
 7
 A court may admit hearsay evidence at a revocation hearing because "[a] releasee's right to confrontation is not equivalent to that afforded to a criminal defendant at trial." Martin, 984 F.2d at 310 (citations omitted); see also Frazier, 26 F.3d at 112-13 (11th Cir.1994) (Federal Rules of Evidence do not apply to hearings concerning violation of terms of supervised release); United States v. Pratt, 52 F.3d 671, 676-75 (7th Cir.1995) (relaxed nature of revocation proceedings permit introduction of hearsay). To determine whether the admission of hearsay violates the defendant's right to confrontation, the Ninth Circuit employs "a process of balancing the [releasee's] right to confrontation against the Government's good cause for denying it." Martin, 984 F.2d at 310 (quoting United States v. Simmons, 812 F.2d 561, 564 (9th Cir.1987)). This balancing process is a flexible inquiry, and the factors involved may vary depending on the circumstances. Id. at 311 n. 4. Relevant factors include the importance of the evidence to the court's ultimate finding, the extent to which the releasee lacks an opportunity to refute the evidence, and the consequences of the court's finding. Id. at 311.
 
 
 8
 To revoke appellant's supervised release, the district court merely needed to find "by a preponderance of the evidence that the defendant violated a condition of supervised release," i.e., that the defendant was deported after his release from prison and that he later reentered the country illegally. 18 U.S.C. § 3583(e)(3). Appellant's probation officer testified at the revocation hearing that Guerrero-Mota was the person who had been convicted of illegal reentry into the United States and who had signed a document agreeing to the terms of supervised release. ER at 16-18. He indicated that he knew this because he had contacted the Immigration and Naturalization Service office that handled the deportation and made a record of that conversation. ER at 25. In addition, the government introduced evidence that appellant and the Manuel Guerrero-Mota convicted of illegal reentry into the United States had the same name, used the same alias, and had the same fingerprints. Finally, the government introduced a copy of the judgment of conviction showing that the appellant was the defendant involved in the earlier conviction. Appellant's counsel objected to the introduction of all of the above evidence and was given ample opportunity to argue that the material was unreliable and that the person who was deported was not indeed the appellant.
 
 
 9
 The district court did not explicitly state that it was balancing appellant's right to confrontation against the government's good cause for not offering more reliable evidence, as it was required to do under Martin. Insofar as the Court failed to apply the appropriate balancing test, it committed error. However, we conclude that even if the district court was in error in failing to do the necessary balancing, any such error was harmless. To warrant relief, Guerrero-Mota must show that he was prejudiced by the district court's error. Standlee, 557 F.2d at 1307-08; Martin, 984 F.2d at 311. He failed to offer us any reason to doubt that he was the person deported and convicted of illegal reentry into the United States, just as the probation officer testified. Thus, defendant has shown no prejudice, and any district court error was harmless.
 
 II.
 
 10
 Appellant also argues that the district court erred in ordering that the sentence imposed for violation of supervised release run consecutively with the sentence imposed by the Texas federal court for illegal re-entry after deportation. Appellant contends that 18 U.S.C. § 3584 creates a presumption of concurrent sentences and that the imposition of consecutive sentences is the equivalent of an upward departure. Appellant concludes that the district court did not give sufficient reasons to support the imposition of a consecutive sentence. This Court reviews the district court's imposition of consecutive rather than concurrent sentences for an abuse of discretion. United States v. Wills, 881 F.2d 823 (9th Cir.1989). We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Basinger, 60 F.3d 1400 (9th Cir.1995).
 
 
 11
 Title 18, U.S.C. § 3584 addresses multiple sentences of imprisonment and provides, in pertinent part:
 
 
 12
 (a) If multiple terms of imprisonment are imposed on defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
 
 
 13
 (b) ... The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a). 18 U.S.C. § 3584.
 
 
 14
 Section 3553(a) provides, in pertinent part:
 
 
 15
 The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
 
 
 16
 .... (4)(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code....
 
 
 17
 18 U.S.C. § 3553.
 
 
 18
 In United States v. Planchet, 74 F.3d 938, 940 (9th Cir.1996), this Court recently held that section 3553 allows courts to rely on either the guidelines or policy statements in resentencing probation violators under § 3553. Section 7B1.3(f) of the Sentencing Guidelines provides the policy statements regarding revocation of supervised release. It specifically provides for consecutive sentences:
 
 
 19
 Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.
 
 
 20
 Thus, the district court was not in error in imposing a consecutive sentence for violation of supervised release, and this sentence did not amount to an upward departure. The relevant policy statement explicitly provided for the imposition of a consecutive sentence under the circumstances presented here.
 
 III.
 
 21
 Finally, appellant was not subject to double jeopardy by first being sentenced in the Western District of Texas for illegal reentry after deportation and then being sentenced for violating supervised release because of the earlier substantive offense. This Court has clearly decided that there is no double jeopardy arising from the separate sentences for revocation of supervised release and for the substantive offense. United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993) (rejecting appellant's argument that consecutive sentence for violation of supervised release violates rule against double jeopardy because it results in two terms of punishment for the same underlying act).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Morrissey Court enumerated the following minimum requirements of due process:
 (a) written notice of the claimed violations of parole;
 (b) disclosure to the parolee of evidence against him;
 (c) opportunity to be heard in person and to present witnesses and documentary evidence;
 (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
 (e) a "mutual and detached" hearing body....
 (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. 408 U.S. at 489.